IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

CHERYL EDLEY-WORFORD,
    Plaintiff,

v.                                                       Civil No. 3:19cv647 (DJN)

VIRGINIA CONFERENCE OF
THE UNITED METHODIST CHURCH,
    Defendant.

**MEMORANDUM ORDER**

Plaintiff Cheryl Edley-Worford ("Plaintiff") brings this action against The Virginia Conference of the United Methodist Church ("Defendant"), alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq* ("Title VII") and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"). This matter comes before the Court on Defendant's Motion to Certify the Court's Order Denying the Second Motion to Dismiss for Interlocutory Appeal (ECF No. 24) and Defendant's Motion to Stay or, in the Alternative, for a Protective Order to Limit Discovery to the Application of the Ministerial Exception (ECF No. 26). For the reasons set forth below, the Court hereby DENIES Defendant's Motion to Certify the Court's Order Denying the Second Motion to Dismiss for Interlocutory Appeal (ECF No. 24) and Defendant's Motion to Stay or, in the Alternative, for a Protective Order to Limit Discovery to the Application of the Ministerial Exception (ECF No. 26).

28 U.S.C. § 1292(b) provides that a district judge may certify for interlocutory appeal any "order not otherwise appealable under this section" when the judge is "of the opinion that such

1

order [1] involves a controlling question of law [2] as to which there is a substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The relevant court of appeals may then, "in its discretion, permit an appeal to be taken from such order." § 1292(b). Section 1292(b) "has been construed as granting district courts 'circumscribed authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable.'" *Difelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907, 908 (E.D. Va. 2005) (quoting *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 46 (1995)). "[B]ecause § 1292(b) is contrary to the general rule that appeals may be had only after a final judgment, it should be used sparingly and its requirements must be strictly construed." *Id.* (citing *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989)); *see Commonwealth ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, 2015 WL 3540473, at *3 (E.D. Va. June 3, 2015) (noting the "gravity of the relief sought" in a request for interlocutory certification (internal quotations and citations omitted)).

The party seeking an interlocutory appeal must first demonstrate that the issue for which the party seeks certification constitutes a "controlling question of law." § 1292(b). "This element may be divided into two requirements: the question must be 'controlling' and must be one 'of law.'" *Integra*, 2015 WL 3540473, at *4. To be "controlling," the Court "must actually have decided [the] question" and resolution of the question must "be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Id.* (internal quotations and citations omitted). Even if a question proves practically or legally controlling, the Court should certify the question for immediate appeal only if the question presents "'an abstract legal issue that the court of appeals can decide quickly and cleanly.'" *United States ex rel. Michaels v. Agape Senior Cmty.*, 848 F.3d 330, 340 (4th Cir. 2017) (quoting *Mamani v. Berzain*,

825 F.3d 1304, 1312 (11th Cir. 2016) (internal quotations omitted)). Courts should not certify interlocutory appeals when "the question presented turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.* at 341 (internal quotations and citations omitted).

The party moving for interlocutory certification must also demonstrate that "substantial ground for [a] difference of opinion" exists as to the controlling question of law. § 1292(b). This "'substantial ground' . . . must arise 'out of a genuine doubt as to whether the district court applied the correct legal standard.'" *Wyeth v. Sandoz, Inc.*, 703 F. Supp. 2d 508, 527 (E.D.N.C. 2010) (quoting *Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007)). "[T]he mere presence of a disputed issue that is a question of first impression [in the Fourth Circuit], standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Flor v. BOT Fin. Corp (In re Flor)*, 79 F.3d 281, 284 (2d Cir. 1996) (per curiam). "Rather, it is the duty of the district judge to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Id.* (emphasis supplied) (quotations and alterations omitted). An absence of unanimity on the question presented does not provide substantial ground for a difference of opinion. *Wyeth*, 703 F. Supp. 2d at 527.

Finally, the moving party must establish that certification would "materially advance the ultimate termination of the litigation." § 1292(b). Mere speculation regarding the potential pre-trial and trial expenses and effort to be saved by an interlocutory appeal does not satisfy this requirement. *Integra*, 2015 WL 3540473, at *5. Instead, the Court must examine whether "appellate review might avoid protracted and expensive litigation." *State ex rel. Howes v. Peele*, 889 F. Supp. 849, 852 (E.D.N.C. 1995). The Court should not permit "piecemeal review of

3

decisions that are but steps toward final judgments of the merits . . ., because they can be effectively and more efficiently reviewed together in one appeal from the final judgments." *James v. Jacobson*, 6 F.3d 233, 237 (4th Cir. 1993).

Ultimately, district courts should adhere to the general principle that § 1292(b) constitutes "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Indeed, "[e]ven if the requirements of [S]ection 1292(b) are satisfied, the district court has 'unfettered discretion' to decline to certify an interlocutory appeal if exceptional circumstances are absent." *Manion v. Spectrum Healthcare Res.*, 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013) (citations omitted).

Here, Defendant seeks an interlocutory appeal of the Court's Order (ECF No. 23) denying its Second Motion to Dismiss, wherein the Court rejected Defendant's argument that the ministerial exception bars Plaintiff's claims. As the Court explained in its Memorandum Opinion (ECF No. 22), deciding the ministerial exception issue requires a fact-specific inquiry. Indeed, the Supreme Court expressly declined to "adopt a rigid formula for deciding when an employee qualifies as a minister." *Hosanna-Tabor Evangelical Lutheran Church and School v. EEOC*, 565 U.S. 171, 189 (2012); *see also E.E.O.C. v. Roman Catholic Diocese of Raleigh, N.C.*, 213 F.3d 795, 801 (4th Cir. 2000) ("While the ministerial exception promotes the most cherished principles of religious liberty, its contours are not unlimited and its application in a given case requires a fact-specific inquiry." (citing *Rayburn v. General Conference of Seventh-Day Adventists*, 772 F.2d 1164, 1171-72 (4th Cir. 1985)).

Furthermore, this case does not present a "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865

(2d Cir. 1996). No exceptional circumstances exist to warrant certification in this matter. Consequently, the motion for certification must fail.

For the above stated reasons, the Court hereby DENIES Defendant's Motion to Certify the Court's Order Denying the Second Motion to Dismiss for Interlocutory Appeal (ECF No. 24) and Defendant's Motion to Stay or, in the Alternative, for a Protective Order to Limit Discovery to the Application of the Ministerial Exception (ECF No. 26). This case should move forward consistent with the Court's Scheduling and Pretrial Order entered on December 12, 2019 (ECF No. 20).

Let the Clerk file a copy of this Memorandum Opinion electronically and notify all counsel of record.

It is SO ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: February 7, 2020