IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CHERYL EDLEY-WORFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:19-cv-00647-DJN |
| ) | |
| VIRGINIA CONFERENCE OF ) | |
| THE UNITED METHODIST CHURCH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Cheryl Edley-Worford ("Plaintiff" or "Ms. Edley-Worford") and Defendant Virginia Conference of The United Methodist Church (the "Conference" or "Defendant"), presently are engaged in discovery; and

WHEREAS, the parties consider certain information being sought in discovery or included in documents sought in discovery to be of a confidential nature; and

WHEREAS, the parties have agreed to the entry of this Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(1) to permit one another to discover information deemed confidential pursuant to procedures protecting the confidentiality of such information;

IT IS HEREBY STIPULATED AND ORDERED, as follows:

1. This Order governs the handling of all documents, testimony, and information produced, given or filed herein by the parties and designated "CONFIDENTIAL" under this Order.

2. Any party may designate as "CONFIDENTIAL" any document, testimony, or other discovery materials, or any portion thereof, that contain confidential information, including, but not limited to, all identifying information, documents and personal records,

including personnel files, salary information, performance reviews, documents regarding performance issues, employee benefits information, employee medical information, termination of employment information, severance documents and e-mails; intellectual property; certain non-public financial records; research and development information; tax records; information required to be kept confidential pursuant to a government contract; and other confidential financial, personnel, or other sensitive information that a party may deem confidential.

3. Parties shall designate materials as confidential by writing, typing, or stamping the word "CONFIDENTIAL" on the face of any materials upon their initial production to the opposing party.

(a) Specific oral testimony, including transcripts of such testimony, given by or on behalf of a party, may be designated as "CONFIDENTIAL" by any party or the witness by so designating either (i) on the record at the time of the specific testimony or (ii) by separate written notification within ten (10) days after receipt by the party or witness of the transcript of the testimony. All specifically marked transcripts and testimony shall be treated as if designated as "CONFIDENTIAL" until the expiration of that ten (10) day period.

(b) If testimony is designated as "CONFIDENTIAL" on the record, the court reporter shall mark the face of the transcript and the designated portion containing the designated testimony "CONFIDENTIAL." Any portion of a transcript designated as "CONFIDENTIAL" shall, if filed, be filed under seal with the Court.

(c) The parties may not issue blanket designations for depositions and must provide the category under which they are claiming a privilege for each specific page

designated as confidential. Failure to do so shall result in the page, transcript or designation not being considered confidential.

4. If any party objects (the "Objecting Party") to the designation of any information or documents as "CONFIDENTIAL" the Objecting Party shall give written notice of such objection to the party producing the information or documents (the "Producing Party") as soon as practicable. The Producing and Objecting Parties shall then confer to attempt to resolve such objections. If the parties are unable to resolve the dispute, then the Objecting Party may move the Court for a ruling whether the material in question should be treated as "CONFIDENTIAL." The burden remains on the party seeking to preserve the confidentiality of the materials to justify the "CONFIDENTIAL" designation pursuant to Fed. R. Civ. P. 26(c). The documents, or information, shall be given the "CONFIDENTIAL" treatment initially assigned as provided for in this Order, until this Court enters an Order changing the designation, if any.

5. Materials designated by a party as "CONFIDENTIAL" shall be used only for the purposes of this litigation and shall be disclosed only to the parties; the Court; any arbitrator, mediator or case evaluator in this action; Plaintiff's and Defendant's counsel of record, including other attorneys, law clerks, and paralegals (collectively referred to as "legal staff") in Plaintiff's and Defendant's counsel's law firms engaged in preparing this action for trial; stenographic and videographic reporters; any consultants and experts employed by Plaintiff or Defendant; and any of the parties' fact witnesses on a good faith, as-needed basis. All persons who are shown "CONFIDENTIAL" documents or information pursuant to this paragraph shall agree to be bound by the terms of this Order and to be subject to the jurisdiction of this Court and possible discipline of this Court.

6. Information designated as "CONFIDENTIAL" shall be used only for purposes of this litigation (not in or for other administrative, judicial, legislative, or other proceedings, unless explicitly agreed to by the parties) and shall not be disclosed, given, shown, discussed, or otherwise divulged or communicated to any person except as provided herein.

7. If "CONFIDENTIAL" material is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party or non-party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

8. The parties agree that "CONFIDENTIAL" material may be used for purposes related to this litigation in accordance with the terms of this Order, including use in depositions, use in connection with expert witnesses and consultants, and may be submitted and/or referenced in filings and arguments made to the Court in this case. Filings made with the Court that contain "CONFIDENTIAL" material shall be redacted or, should redaction be insufficient for purposes of the filing, shall be filed under seal pursuant to Local Civil Rule 5. This Order does not control the presentation or admission of any exhibits at trial, which will be determined by the trial Judge.

9. Within thirty (30) days of the final determination of this action, the parties must destroy all documents and material designated as "CONFIDENTIAL" by the other side and all copies of such documents, including all extracts and/or data taken from such documents; provided that documents listed as trial exhibits or used as deposition exhibits may be retained by counsel.

10. If a party in possession of documents or information designated as "CONFIDENTIAL" is served with a subpoena, demand or request for production of such

information from a court, administrative, legislative or other governmental body, or from other persons purporting to have authority to subpoena, demand or request such information, the recipient shall give immediate written notice of the subpoena, demand or request (including delivery of a copy of the same) to counsel for the producing or disclosing party. In the event that a subpoena, demand, or request of any kind purports to require production of such "CONFIDENTIAL" material on less than ten (10) days' notice, the party to whom the subpoena, demand or request is directed shall give prompt telephonic notice of the receipt of such subpoena, demand or request to the attorneys for the producing or disclosing party.

11. Nothing in this Order shall prevent a designating party from disclosing or using its own "CONFIDENTIAL" material in any manner; however, use of such "CONFIDENTIAL" material may alter its designation and trigger the ability of the receiving party to challenge the continuing designation as confidential. The restrictions stated in this Order may be extended to additional documents or information by agreement of the parties.

12. Inadvertent production of any material without a designation of confidentiality will not be deemed to waive a later claim as to its proper designation and will not prevent the producing party from subsequently designating said material as "CONFIDENTIAL." Once designated, the material shall thereafter be treated as if it had originally been designated as "CONFIDENTIAL." The party receiving such newly designated material shall take reasonable steps to comply with the designation, including, without limitation, retrieving all copies and excerpts of any newly designated material from persons not entitled to receive it. If the receiving party objects to the designation, it shall provide the designating party written notice of and basis for its objection within three (3) business days of the designation; if the parties are unable to resolve the matter, the receiving party may, within five (5) business days of such impasse, file a

motion with the Court seeking an order not to designate the subject material. The designation shall remain in effect, and be complied with by the parties, until the Court issues its order. If the receiving party fails to file a motion within five (5) business days of impasse, the designation shall apply.

13. This Order contemplates that the parties shall continue to resolve confidentiality issues by agreement of counsel not inconsistent with this Order.

14. No action taken in accordance with this Order shall be construed as a waiver or any claim or defense in this case or of any position as to discoverability or admissibility of evidence.

15. This Order may be amended by a stipulation submitted to and so ordered by the Court or, if the parties are unable to agree, by the Court on application of a party.

16. This Order shall survive the termination of this case and shall continue in full effect thereafter.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Entered this 9th day of March, 2020

/s/
David J. Novak
United States District Judge

SEEN AND AGREED:

| | |
|---|---|
| _/s/ Steven D. Brown_ | _/s/ Dominique L. Young_ |
| Steven D. Brown (VSB No. 42511) | Barbara Queen, Esq. |
| Lindsey A. Strachan (VSB No. 84506) | Dominique L. Young, Esq. |
| ISLERDARE P.C. | Lawrence Queen |
| 411 East Franklin Street, Suite 203 | 701 East Franklin Street, Suite 700 |
| Richmond, Virginia 23219 | P.O. Box 485 |
| Telephone: (804) 489-5501 | Richmond, Virginia 23219 |
| Facsimile: (804) 234-8234 | *Counsel for Plaintiff* |
| E-mail: sbrown@islerdare.com | |
| E-mail: lstrachan@islerdare.com | |
| *Counsel for Virginia Conference of The United Methodist Church* | |